RICK S. COWLE, ESQ.
THE LAW OFFICE OF RICK S. COWLE, P.C.
*Attorneys for the Debtor*
18 Fair Street
Carmel, NY 10512
(845) 225-3026

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS
-----------------------------------------------------------X
In Re:                                                          Chapter 13

ERLIN ANEURYS ALMONTE VARGAS,                                   Case No. 18-22913 (shl)

                              Debtor.
-----------------------------------------------------------X

**AMENDED APPLICATION FOR ALLOWANCE OF ADDITIONAL COMPENSATION TO ATTORNEY FOR DEBTOR UNDER 11 U.S.C. § 330, 11 U.S.C. § 503(a) AND RULE 2016(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**TO:   THE HONORABLE SEAN H LANE
        UNITED STATES BANKRUPTCY JUDGE:**

      The application of Rick S. Cowle, Esq. of The Law Office of Rick S. Cowle, P.C., attorneys for the Debtor, respectfully represents:

      1.  On June 12, 2018, Erlin Aneurys Almonte Vargas ("Debtor") filed a petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Petition") in the Southern District of New York, Poughkeepsie Division.

      2.  Your applicant and his associate have been responsible for guiding the Debtor's estate through the Chapter 13, and have been advising the Debtor as to her rights, options and financial position throughout the process.

      3.  At the time of filing, the Debtor, owned certain real property commonly known as 110 Washington Street, Peekskill, New York 10566 (the "Property"), which is owned by his in fee simple. Said property was listed on Schedule A within his bankruptcy petition.

4. The property was encumbered by a mortgage held by Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") and a judgment lien held by Viridiana Flores and at the time of filing, the Debtor was in arrears on his mortgage.

5. The Debtor also owned an investment property located at 401 N. Division Street, Peekskill NY 10566 ("Investment Property") which was encumbered by a mortgage held by Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates Series 2005-W4 and serviced by PHH Mortgage Corporation (collectively "PHH"). At the time of filing, the Debtor was in arrears on the mortgage.

## **FEE APPLICATION**

6. As the Debtor was a repeat filer, the undersigned filed a motion to impose the automatic stay and an order imposing the automatic stay was entered on July 12, 2018. (ECF No. 14).

7. In order to assist the Debtor in saving his home, your applicant entered her into the Southern District's Loss Mitigation program for the Debtor's first mortgage as well as avoided a judicial lien on the Property. The Debtor was offered a trial modification, however, he declined the offer and he believed the monthly payment was unaffordable. As such, the Debtor decided to attempt to do a short sale of his home through the loss mitigation program. The Debtor received an offer, however, after a lengthy delay with contract signing, loss mitigation was ultimately terminated.

8. After loss mitigation was terminated, Nationstar filed a motion for relief and the undersigned facilitated a short sale of the Debtor's Property in full satisfaction of Nationstar's note and mortgage. An order granting the motion to approve the sale pursuant to 11 USC §363(f) was entered on December 10, 2019. A fee application for the undersigned as real estate attorney

in regard to the short sale, with the fees to be paid out of closing proceeds, was submitted to this Court in a separate application.

9. The Debtor also was in arrears on his mortgage for the Investment Property and PHH filed a motion for relief. The undersigned attempted to negotiate a settlement for the motion for relief for the investment property.

10. This fee application consists of the legal fees earned for representation of the Debtor in above-referenced matters.

11. In regard to moving to impose the automatic stay, Loss Mitigation, defense to two separate motions for relief and moving to approve the short sale, the undersigned expended a total of 14.10 hours of senior-attorney time, 11.90 hours of associate time, 7.40 of legal assistant time, and 6.94 hours of travel from June 12, 2018 to July 10, 2020. Attached hereto and made apart hereof as Exhibits "A" and "B" respectively are the Attorney Time Sheets and the retainer agreement.

12. The undersigned charged for travel time at 50% of the regular rates for the senior attorney and associate attorney. Additionally, the travel time charged has been evenly allocated to all of the undersigned's clients scheduled for hearings on the hearing date. The undersigned's office is approximately forty-five minutes from the courthouse.

13. The number of hours expended were kept to a minimum because of the high level of expertise and experience, which your applicant and his associate have in this field.

14. Your applicant has duly filed the Amended 2016b "Disclosure of Compensation of Attorney for Debtor with the court which depicts our fee for the Debtor's Chapter 13 of $3,540.00. Attached hereto and made a part hereof as Exhibit "C" is the disclosure statement.

## MOTION TO IMPOSE THE AUTOMATIC STAY, LOSS MITIGATION, MOTION TO APPROVE SALE PURSUANT TO 11 USC § 363(f) AND MOTIONS FOR RELIEF

15. As the Debtor had filed numerous bankruptcy filing prior to the instant case, the undersigned moved to impose the automatic stay and attended a hearing regarding same.

16. In order to conduct loss mitigation for the first mortgage our firm had to prepare the request for loss mitigation with the proposed order, serve notices of same on all appropriate parties, submit documentation as needed and requested by the lender, interact with lender's counsel regarding same, and prepare for and attend loss mitigation status conferences.

17. The Debtor, through his counsel, the Law Office of Rick S. Cowle, P.C., served the Loss Mitigation Request Pursuant to General Order M455 on or about June 20, 2018 with the Order being signed on July 6, 2018 granting said request.

18. After the Debtor rejected the trial modification offer, he worked to sell the Property via a short sale through the loss mitigation program. After a lengthy delay in contract signing, loss mitigation was terminated and the undersigned made a motion to sell the property pursuant to 11 USC § 363(f). The undersigned also defended the Debtor against a motion for relief filed by the bank in order to keep the stay in place during the short sale process. Further the undersigned drafted and filed the motion to sell and attending the hearing and said motion was granted over objection. The undersigned also drafted and attended the hearing for the Application to Approve Real Estate Attorney fees for the short sale. Further, the undersigned attending hearings for all said motions and obtaining a certified copy of the Order to Approve Short Sale from the bankruptcy court clerk for the closing.

19. The Debtor was also in arrears on his Investment Property and as such PHH filed a Motion for Relief. The undersigned reviewed the Motion and underlying exhibits and had

numerous communications with the Debtor and opposing counsel in an attempt to settle matter as well as attended the hearing.

20. The total legal fees from June 12, 2018 to July 10, 2020 (plus disbursements) associated with the legal representation in loss mitigation, based 14.10 hours of senior-attorney time 11.90 hours of associate time, and 7.40 hours of legal assistant time and travel fee for $1,182.19 and expenses of $70.00, for a total of $11,991.19 in legal fees which are attached hereto and made a part hereof as Exhibit "A" as well as the corresponding retainer agreement which is attached hereto and made a part hereof as Exhibit "B".

## **APPLICANT QUALIFICATIONS**

21. I, Rick S. Cowle graduated in 1984 with an M.B.A. from Farleigh Dickinson University, and subsequently founded Source Properties Inc., which specialized in helping people who were facing foreclosure. I performed hundreds of workouts including short sales, deed in lieu of foreclosures, forbearance agreements, and re-modifications. In 2000, I entered the night law school program at Pace Law School and graduated in June of 2003. After being admitted to practice in New York in December 2003, I started my own general practice law firm, "The Law Office of Rick S. Cowle", which practices primarily bankruptcy law and foreclosure workouts. I am admitted to practice in New York State Courts, New York State Federal District Courts (Southern, Northern and Eastern Districts), Connecticut State Court, Connecticut Federal District Court, District of Columbia, and The United States Supreme Court. I have taught numerous CLE classes, given many lectures on foreclosure workouts, and I am a certified CLE instructor for Judicial Title Company.

22. My partner, Rebecca Richards, Esq., is admitted to practice law in the State of New York, the Southern and Northern Districts of New York and the State of Connecticut. She is

a cum laude graduate of Pace University School of Law where she served as a Note and Comment Editor for the Pace Law Review, and is a summa cum laude graduate of Pace University with a major in Business Management and minor in Political Science. Prior to joining the Law Office of Rick S. Cowle, she interned with the Honorable Lewis Lubell of the New York State Supreme Court, BIC Corporation and Starwood Capital Group. Her professional experience also includes working as a financial analyst at O'Shaughnessy Asset Management.

23. Your applicant believes that the allowance sought herein for services rendered is fair and reasonable, particularly in view of the complexity of the case and the matters presented herein. The Law Office of Rick S. Cowle, P.C. regularly maintains time and expense records in connection with its services rendered in the ordinary course of its legal practice. Your applicant's standard time for the relevant period is three hundred eighty-five dollars ($385.00) per hour for attorney time, three hundred twenty-five dollars ($325.00) per hour for associate time and one hundred ninety-five dollars ($195.00) for legal assistant time.

24. Utilizing the standard time charges for a total of 14.10 hours of senior-attorney time at $385.00 per hour (equals $5,428.50), a total of 11.90 hours of associate time at $325.00 per hour (equals $3,867.50), a total of 7.40 hours of legal assistant time at $195.00 per hour (equals $1,443.00), travel time in the amount of $1,182.19 and disbursement of $70.00 for a total due of $11,991.19. A summary of these time/expense records are attached hereto as Exhibit "A". Also attached hereto as Exhibit "B" is a copy of our retainer agreement.

25. Should the Debtor's case either be dismissed, withdrawn or converted to a case under Chapter 7 of the United States Bankruptcy Code, the Chapter 13 Trustee should be directed to pay to The Law Office of Rick S. Cowle the sums held by the Trustee paid to her by the Debtor for her plan payments in a sum no greater than the fees awarded herein.

26. Your applicant seeks no reimbursement for the hearing of this fee application.

27. Your applicant has not, in any form or guise shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. § 155 has been made by your applicant.

**WHEREFORE**, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330, 503 and Rule 2016(a) allowing compensation in the amount of $11,991.19, and for such other and further relief as to the Court may deem just and proper.

Dated: Carmel, New York
      July 14, 2020

THE LAW OFFICE OF RICK S. COWLE, P.C.

By: /s/ Rick S. Cowle
Rick S. Cowle, Esq.
*Attorney for the Debtor*
18 Fair Street
Carmel, NY 10512
(845) 225-3026